# SUMMONS - CIVIL
JD-CV-1 Rev. 6-11
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

## STATE OF CONNECTICUT
### SUPERIOR COURT
www.jud.ct.gov

See page 2 for instructions

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

**Address of court clerk where writ and other papers shall be filed** (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350)
95 Washington Street, Hartford, CT 06106

**Telephone number of clerk** (with area code)
( 860 ) 548-2700

**Return Date** (Must be a Tuesday)
Month: 12   Day: 20   Year: 2011

[x] Judicial District   [ ] Housing Session   G.A. Number:
**At** (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349): Hartford
**Case type code** (See list on page 2): Major: T   Minor: 90

**For the Plaintiff(s) please enter the appearance of:**
Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code):
Madsen, Prestley & Parenteau, 105 Huntington Street, New London, CT 06320

**Juris number** (to be entered by attorney only): 418345

**Telephone number** (with area code): ( 860 ) 442-2466
**Signature of Plaintiff** (If self-represented):

**Number of Plaintiffs:** 1   **Number of Defendants:** 2   [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: WEINSTEIN, LUKE<br>Address: 15 Maritone Lane, Deep River, CT 06417 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: UNIVERSITY OF CONNECTICUT - c/o George Jepsen, Attorney General, State of Connecticut,<br>Address: 55 Elm Street, Hartford, CT 06106 | D-50 |
| Additional Defendant | Name: EARLEY, P. CHRISTOPHER<br>Address: 44 Sycamore Road, West Hartford, CT 06117 | D-51 |
| Additional Defendant | Name:<br>Address: | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

**Signed** (Sign and "X" proper box): /s/ Magdalena Burns
[x] Commissioner of the Superior Court / [ ] Assistant Clerk
**Name of Person Signing at Left:** Magdalena B. Wiktor
**Date signed:** 11/10/2011

**If this Summons is signed by a Clerk:**
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

ATTEST: A TRUE COPY
BRIAN FRANCIS ZITO
CONNECTICUT STATE MARSHAL
CONSTABLE-INDIFFERENT PERSON

I certify I have read and understand the above:   **Signed** (Self-Represented Plaintiff):   Date:

**Name and address of person recognized to prosecute in the amount of $250:**
Justin Theriault, 44 Capitol Avenue, Hartford, CT 06106

**Signed** (Official taking recognizance; "X" proper box): /s/ Magdalena Burns
[x] Commissioner of the Superior Court / [ ] Assistant Clerk
**Date:** 11/10/2011

Docket Number

(Page 1 of 2)

STATE OF CONNECTICUT

RETURN DATE: DECEMBER 20, 2011

| | | |
|---|---|---|
| LUKE WEINSTEIN,<br>　　PLAINTIFF | : | SUPERIOR COURT |
| | : | |
| V. | : | JUDICIAL DISTRICT OF<br>HARTFORD |
| | : | |
| UNIVERSITY OF<br>CONNECTICUT and<br>P. CHRISTOPHER EARLEY<br>　　DEFENDANTS | : | NOVEMBER 8, 2011 |

## COMPLAINT

### COUNT ONE: VIOLATION OF CONN. GEN. STAT. § 31-51q

1. Plaintiff, Luke Weinstein, is a resident of Deep River, Connecticut. At all relevant times, Plaintiff was employed by the University of Connecticut.

2. Defendant, University of Connecticut ("UConn"), with its main campus located in Storrs, Connecticut, was established and is governed pursuant to Connecticut General Statutes § 10a-102, *et. seq.* Defendant UConn is an employer for the purposes of §§ 31-51m and 31-51q of the Connecticut General Statutes. At all times relevant, Defendant UConn was also a public body as defined by § 31-51m of the Connecticut General Statutes.

3. Defendant P. Christopher Earley is the former Dean of the School Business and resides at 44 Sycamore Road, West Hartford, Connecticut.

4. Upon information and belief, in late 2006, Defendant was under pressure to fill the position of Director of the Innovation Accelerator in order to maintain

continued funding from the State of Connecticut for UConn's Center for Entrepreneurship and Innovation.

5. As a result, Defendant suspended its normal search process in order to employ Plaintiff as the Director of the Innovation Accelerator with promises of continued employment so long as funding continued for the entrepreneurial program that Plaintiff would direct and Plaintiff's performance was satisfactory.

6. In reliance on the promise of secure, long-term employment subject only to satisfactory performance and the availability of funding, Plaintiff gave up the opportunity to he hired on tenure track at the Kent State University and terminated discussions with other universities for tenure-track positions.

7. Plaintiff commenced his employment as Director of the Innovation Accelerator and Assistant Professor in Residence with Defendant on or about January 29, 2007.

8. Plaintiff was initially appointed through August 22, 2008.

9. Reviews of Plaintiff's performance as Director of the Innovation Accelerator and as a professor teaching courses in the area of his specialty were excellent throughout his employment with Defendant.

10. Plaintiff was one of the highest rated professors in the Department of Management during the tenure of his employment.

11. During his employment with Defendant, Plaintiff received merit raises targeted to his role as Director of the Innovation Accelerator.

12. During Plaintiff's tenure as Director of the Innovation Accelerator, the program excelled and brought continued funding and sustained partnerships to UConn.

13. Plaintiff's appointment was renewed for academic years 2008-2009 and 2009-2010 under the same terms as his initial appointment.
14. After Plaintiff was hired by Defendant, Defendant hired Defendant Christopher Earley as Dean of the School of Business.
15. In the spring of 2010, Plaintiff began to question the School of Business's compliance with state and federal laws applicable to the payment of wages and workers' compensation benefits and its compliance with Institutional Review Board ("IRB") rules mandated by the federal government in connection with conduction research on behalf of the University of Connecticut. Plaintiff spoke out regarding these concerns to various of Defendant's employees and administrators.
16. Plaintiff's efforts to assure that the School of Business complied with the law were directly opposed by Dean Earley.
17. During the spring of 2010, including during a phone call on May 25, 2010, Plaintiff spoke out to Rachel Rubin, Director of the Office of Ethics, regarding issues of potential violations of state and federal law and regulation.
18. On June 8, 2010, Dean Earley announced a unilateral change in the procedures for the reappointment of Directors in the School of Business. This change would directly affect Plaintiff's appointment as Director of the Innovation Accelerator. It was falsely claimed that this change was instituted by the Provost's office.
19. Following Dean Earley's announcement, Plaintiff was nominated for the position of Director of the Innovation Accelerator.
20. Dean Earley insisted that Plaintiff submit an application for the Director position.

21. On July 19, 2010, Plaintiff met with various University officials to discuss Plaintiff's concerns regarding changes instituted by Dean Early to the Innovation Accelerator program which would likely compromise the success of the program and/or impinge upon state and federal wage laws. Also discussed was the agreement upon which Plaintiff's appointment was predicated and which stipulated that he would be reappointed to the Director position so long as funding was available and his performance was satisfactory.

22. Plaintiff expressed his view that submission to a newly established reappointment process that was not agreed upon at the commencement of his employment would compromise his ability to enforce the initial agreement. At the end of the meeting Plaintiff was informed he would have to choose between his desire to maintain his claim and the Dean's demand that he apply for position.

23. Following the meeting, Dr. Weinstein informed Executive Director of the Innovation Accelerator program Richard Dino and Head of the Management Department John Mathieu that he wanted to be reappointed to the Director Position and that he would do his utmost to support the Dean's changes to the program regardless of his views and to make the program as successful as possible.

24. Dr. Weinstein's application was communicated by email to Dean Earley on July 23, 2010.

25. On July 28, 2010, Dean Earley prepared a letter to Plaintiff declining to reappoint him to the position of Director of the Innovation Accelerator. At the

time Dean Earley prepared the letter, there were no applicants other than Plaintiff for the position of Director of the Innovation Accelerator program.

26. On July 30, 2010, Dean Earley met with Dr. Paul Gilson, a co-worker of Plaintiff in the Innovation Accelerator program, to offer him the position of Director of the Innovation Accelerator despite the fact he did not apply. Dr. Gilson did not accept the Dean's offer on July 30, 2010 or thereafter.

27. Also on July 30, 2010, Dean Earley caused the July 28, 2010 letter to be emailed to Plaintiff.

28. After Dr. Gilson turned down the position, Dean Earley offered the position to another co-worker of Plaintiff, Brian Brady who also neither applied for nor accepted the position.

29. Finally Dean Earley advised Executive Director Dino that he would have to direct the program. Executive Director Dino then resigned his position in protest.

30. Finally, in the fall of 2010, Dean Earley, without following customary search procedures, offered the interim Executive Director of the Center for Entrepreneurship and Innovation position and operational responsibilities for the Innovation Accelerator to Christopher Levesque, who had not applied for the job and who was decidedly less qualified than Plaintiff.

31. In a letter dated May 20, 2011, Dean Earley informed Plaintiff that he would not be reappointed to teach the entrepreneurial courses that he was scheduled to teach in the fall of 2011 and the spring of 2012

32. The non-renewal of Plaintiff's appointment as an Assistant Professor in Residence was accomplished without following the procedures associated with reappointment decisions as outlined by UConn's Provost Peter J. Nicholls in an email dated June 21, 2011, and contrary to the terms of Plaintiff's last appointment, which included the expectation of renewal subject to performance, need and the availability of funding, all of which were satisfied in May of 2011.

33. On May 24, 2011, Mohamed Hussein, the Interim Head of Defendant's Management Department, informed Plaintiff that he would not be reappointed on. Dr. Hussein was not involved in making a recommendation to that effect. Dr. Hussein was simply informed by Associate Dean Plesko that the decision had been made by Dean Earley, but was not told the reason for the decision. The non-involvement of the Department Head in the decision to non-renew Plaintiff's appointment was a violation of Defendant's bylaws.

34. Plaintiff's non-renewal to the Assistant Professor in Residence position violated the terms of his last reappointment given the availability of funding and his excellent performance.

35. Plaintiff complained to Defendant that his non-reappointment to the Director position and the termination of his employment were retaliatory in nature in response to his speaking out against unethical and potentially illegal activities.

36. Defendant undertook no investigation of Dr. Weinstein's retaliation claims.

37. Plaintiff filed grievances with Defendant with regard to his non-reappointment to the Director position and the termination of his employment.

38. Defendant upheld Plaintiff's non-reappointment and termination on grounds that were unsupportable and not worthy of belief.
39. By speaking out against violations of University policy, against potential violations of state and federal laws applicable to the payment of wages and workers' compensation benefits, and against potential violations of federally-mandated rules of the IRB, Plaintiff engaged in protected activity, exercising rights guaranteed by the First Amendment to the United States Constitution and by Article First, Section 3 and 4 of the Constitution of the State of Connecticut, when he spoke out against unethical and potentially illegal conduct.
40. Defendant retaliated against Plaintiff in response to his speech by not reappointing him to the Director position and by terminating his employment.
41. As a result of the Defendant's violation of Connecticut General Statutes § 31-51q, Plaintiff has suffered damages, including the loss of wages and benefits, loss of enjoyment of profession, emotional distress, harm to reputation and loss of enjoyment of life. Plaintiff has also incurred attorneys' fees in the vindication of his rights.

## COUNT TWO:   VIOLATION OF CONN. GEN. STAT. § 31-51m

1-40 Paragraphs 1 through 40 of Count One are hereby incorporated as Paragraphs 1 through 40 of Count Two as if fully set forth herein.

41. Plaintiff engaged in protected conduct by speaking out against violations of University policy, against potential violations of state and federal laws applicable

to the payment of wages and workers' compensation benefits, and against potential violations of federally-mandated rules of the IRB.

42. Defendant University of Connecticut is a "public body" as defined by in Connecticut General Statutes § 1-200.

43. Defendant retaliated against Plaintiff by not reappointing him to the Director position and by terminating his employment because of his reporting unethical and potentially illegal practices to a public body, in violation of Connecticut General Statues § 31-51m.

44. As a result of the Defendant's violation of Connecticut General Statutes § 31-51q, Plaintiff has suffered damages, including the loss of wages and benefits, , Plaintiff has also incurred attorneys' fees in the vindication of his rights.

## COUNT THREE:   VIOLATION OF THE FIRST AMENDMENT PURSUANT TO 42 U.S.C. § 1983

1-40 Paragraphs 1 through 40 of Count One are hereby incorporated as Paragraphs 1 through 40 of Count Three as if fully set forth herein.

41. Defendant Earley was acting under the color of law when he retaliated against Plaintiff for speaking out on matters of public concern in violation of the First and Fourteenth Amendments to the United States Constitution enforced by 42 U.S.C. § 1983.

42. As a result of the Defendant's violation of Plaintiff's First Amendment rights, Plaintiff has suffered damages, including the loss of wages and benefits, loss of enjoyment of profession, emotional distress, harm to reputation and loss of

enjoyment of life. Plaintiff has also incurred attorneys' fees in the vindication of his rights.

## COUNT FOUR:   INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP

1-40 Paragraphs 1 through 40 of Count One are hereby incorporated as Paragraphs 1 through 40 of Count Four as if fully set forth herein.

41. Defendant Earley intentionally interfered with Plaintiff's existing and potential advantageous business relationship with UCONN by retaliating against Plaintiff for exposing potential violations of state and federal law, as well as unethical practices, mismanagement and abuse of authority, all matters of public concern and violations of the statutory torts set forth in this complaint.

42. Following his appointment as Dean of the Business School, Defendant Earley appointed his wife to the position of Executive Director of SCOPE. This appointment resulted in a complaint of nepotism against Dean Earley by John Mathieu, Department Head of Management.

43. In response to this complaint, Defendant Earley instituted a new policy for appointment of directors that he falsely claimed was dictated by the Office of the Provost in order to deflect criticism over the appointment of his wife and as a means to remove Plaintiff from his position as Director of the Innovation Accelerator in order to silence Plaintiff's criticism.

44. Defendant Earley thus interfered with Plaintiff's advantageous business relationship for his personal gain because he was able to remove Plaintiff as a

source of complaints that could tarnish his reputation while at the same time covering up the nepotism associated with the financial gain be benefited from by employing his wife in a lucrative administrative position.

45. As a result of Defendant Earley's tortious conduct, Plaintiff lost his employment with UCONN.

46. Plaintiff has suffered damages, including the loss of wages and benefits, loss of enjoyment of profession, emotional distress, harm to reputation and loss of enjoyment of life. Plaintiff has also incurred attorneys' fees in the vindication of his rights.

**WHEREFORE, PLAINTIFF CLAIMS A TRIAL BY JURY, JUDGMENT AGAINST DEFENDANTS AND DAMAGES AS FOLLOWS:**

1. Compensatory economic and non-economic damages, including loss of back pay, future economic losses, emotional distress and loss of enjoyment of life;

2. Punitive damages pursuant to common law, Conn. Gen. Stat. § 31-51q, and 42 U.S.C. § 1981;

3. Interest pursuant to Conn. Gen. Stat. § 37-3a and costs;

4. Reinstatement, lost wages and benefits and other equitable relief available pursuant Conn. Gen. Stat. § 31-51m;

5. Attorneys' fees and costs pursuant to Conn. Gen. Stat. § 31-51q, § 31-51m and 42 U.S.C. § 1988.

6. Such other relief in law or equity the court deems appropriate.

PLAINTIFF,
LUKE WEINSTEIN

By: _____
Jacques J. Parenteau, Esq.
Madsen, Prestley & Parenteau, LLC
105 Huntington Street
P.O. Box 1631
New London, CT 06320
Tel: (860) 442-2466  Fax: (860) 447-9206
Juris Number: 418345
jparenteau@mppjustice.com
His Attorneys

ATTEST: A TRUE COPY

_____
BRIAN FRANCIS ZITO
CONNECTICUT STATE MARSHAL
CONSTABLE-INDIFFERENT PERSON

STATE OF CONNECTICUT

RETURN DATE: DECEMBER 20, 2011

| | | |
|---|---|---|
| LUKE WEINSTEIN, | : | SUPERIOR COURT |
|     PLAINTIFF | : | |
| | : | |
| V. | : | JUDICIAL DISTRICT OF |
| | : | HARTFORD |
| | : | |
| UNIVERSITY OF | : | |
| CONNECTICUT and | : | |
| P. CHRISTOPHER EARLEY | : | |
|     DEFENDANTS | : | NOVEMBER 8, 2011 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00, exclusive of interest and costs of suit.

PLAINTIFF
LUKE WEINSTEIN

By: _____
Jacques J. Parenteau, Esq.
Madsen, Prestley & Parenteau, LLC
105 Huntington Street
P.O. Box 1631
New London, CT 06320
Tel: (860) 442-2466  Fax: (860) 447-9206
Juris Number: 418345
jparenteau@mppjustice.com
His Attorneys

ATTEST: A TRUE COPY

_____
BRIAN FRANCIS ZITO
CONNECTICUT STATE MARSHAL
CONSTABLE-INDIFFERENT PERSON