```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

LUKE WEINSTEIN                  :
                                :
                                :
                                :
v.                              :    CIV. NO. 3:11CV1906 (WWE)
                                :
UNIVERSITY OF CONNECTICUT and   :
P. CHRISTOPHER EARLEY           :
                                :
                                :
```

## RULING ON MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO REQUESTSD TO ADMIT DOC. [#121]

The plaintiff, Luke Weinstein, formerly employed as the Director of Innovation Accelerator and Assistant Professor in Residence at the University of Connecticut, brings an action against the University ("UConn") and the former Dean of its School of Business, P. Christopher Earley, alleging that Earley retaliated against plaintiff because plaintiff resisted changes to the Innovation Accelerator program that would violate state and federal laws applicable to the payment of wages and workers' compensation benefits to students enrolled in the program. [Doc. #31 at 1].

Plaintiff claims defendants violated his free speech rights protected under 42 U.S.C. §1983, and Connecticut General Statutes §31-51q, and §31-51m. Plaintiff also alleges that defendant Earley intentionally interfered with plaintiff's advantageous employment opportunity with UConn by falsely claiming that the reappointment procedure he was applying to plaintiff was dictated by the Office of the Provost. Plaintiff

1

alleges that Earley first declined to reappoint plaintiff to the Director position in July 2010, and then terminated plaintiff's employment the following year, in May 2011. [Doc. #31 at 1-2].

Pending is plaintiff's Motion to Determine Sufficiency of defendants' Responses to one hundred and sixty-one (161) Requests to Admit dated September 16, 2013.[1]  **[Doc. #121].**

**Background**

On July 19, 2010, plaintiff attended a meeting with defendant Earley and other UCONN administrators, called to discuss issues surrounding reappointment of plaintiff to the Director of the IA position. Present at the meeting were Vice Provost for Academic Administration Nancy Bull, Director of the Office of Compliance and Ethics Rachel Rubin, Associate Dean of the School of Business Linda Klein, Department of Management chair John Mathieu, Executive Director of CCEI Richard Dino, and Human Resources and Labor Relations Specialist Michael Eagen. [Weinstein Depo. at 175-76; Bull Depo. at 156, Rubin Depo. at 226, 254, Klein Depo. at 139].  Plaintiff recorded the meeting on a lap top computer, without the participants' consent or awareness. [Weinstein Depo. at 184]. By letter dated July 28, 2010, Earley informed plaintiff that he would not be reappointed as Director of the IA. Plaintiff represents that with the exception of Earley and plaintiff, all of the July 2010 Meeting participants continue to be employed by UConn. [Doc. #122 at 2].

---

[1] Plaintiff filed the Motion to Determine Sufficiency of Defendants' Response to Requests to Admit on December 13, 2013. [Doc. #121].  Defendant filed a response on January 23, 2014. [Doc. #134]. Plaintiff's reply was filed on March 11, 2014 [Doc. #145].

Christopher Earley, Nancy Bull, Rachel Rubin, and Linda Klein testified they attended the meeting.

Plaintiff produced a recording to defendants on June 4, 2012, fourteen (14) months before the deposition of defendant Earley. [Doc. #145 at 2]. During Earley's deposition on August 6, 2013, the recording was played for the defendant and he was asked to authenticate his voice and other voices on the recording. [Earley Depo. at 134, 142, 145-46, 162, 170].[2] No transcript of this recording was provided at or before Earley's deposition. [Doc. #134 at 4]. Earley identified himself as a speaker on the recording. However, Earley claims that the he "has not authenticated this audio recording, and repeatedly testified about his concerns that this recording was not made on July 19, 2010, and may have been spliced together or altered." [Doc. #134 at 4]. Defendants did not seek additional discovery related to the recording, nor have defendants disclosed any expert to testify regarding a forensic examination of the recording.

On September 16, 2013, plaintiff served Requests for Admission pursuant to Fed. R. Civ. P. 36, and attached a transcript of the purported recording of the July 19, 2010 Meeting. In one hundred and sixty-one (161) Requests to Admit, defendants have been asked to admit or deny that the transcript

---

[2] The recording, made Exhibit 8 at defendant Earley's deposition, was subsequently transcribed by Mary Indomenico, an Official Court Transcriber associated with Brandon's Court Reporting service. [Doc. #122, Ex. A]. Defendants point out that references to this audiotape during Earley's deposition can be found at pages 134, 135, 139-43, 145-55, 159-71, and 309-10. Id.

3

accurately reflects statement on the audio recording. Each request identifies a speaker, along with lines and page(s) in the transcript, and asks defendants to admit or deny whether the transcript reflects statements made by the speaker as contained in the audio recording contained on the compact disk recording.[3] The eight speakers identified in the Requests for Admission are Linda Klein, Christopher Earley, John Mathieu, Luke Weinstein, Rachel Rubin, Richard Dino, Michael Eagan, Nancy Bull. On November 1, 2013, defendants served their objections, stating they could not admit or deny any of the 161 requests. Plaintiff moves for an order to determine the sufficiency of defendants' response pursuant to Fed. R. Civ. P. 36(a)(6).

**DISCUSSION**

"Requests for Admissions should be drafted in such a way that a response can be rendered upon a mere examination of the request. To facilitate clear and succinct responses, the facts stated within the request must be singularly, specifically, and carefully detailed." Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003) (internal citations omitted). The

---

[3] For example, Request for Admission No. 1 states,

> Lines 5 through 21 of page 35 of the transcript of the July 19, 2010 meeting ("transcript"), attached hereto as Exhibit A, reflect statements made by Linda Klein as contained in the audio recording contained on a compact disc which was previously marked as Ex. 80 at the deposition of defendant Earley (the "recording"), at 00:01 minutes to 1:22.

Similarly, each of the remaining requests Nos. 2 through 161, cites to the transcript at line and page number, and to the recording with a time range, and seeks an admission that the transcript reflects the statements made by the speaker on the recording.

4

intended impact of an admission is to conclusively establish the admitted fact unless the court permits a withdrawal or amendment of the admission. Id. at 77-78; see also, Fed. R. Civ. P. 36(a). Rule 36 requires that "[e]ach request for admissions must be direct, simple and limited to singular relevant facts." United States v. Consolidated Edison Co., 1988 WL 138275 (E.D.N.Y. Dec. 15, 1988) (internal quotations and citation omitted). Our Circuit had made clear that vague or ambiguous requests for admission are not permitted. See Dublin v. E.F. Hutton, 125 F.R.D. 372, 376 (S.D.N.Y. 1989) (certain requests contained vague and ambiguous wording that did not allow defendant to fairly admit or deny them). It is not proper to address the genuineness of a described document in a request for admission when to do so amounts to the circumvention of material issues of fact. See, e.g., Pleasant Hill Bank v. United States, 60 F.R.D. 1, 4 n.1 (W.D. Mo. 1973) ("the better rule is to allow requests to go to all the fact issues in an action"). Instead, the requesting party should ask that the respondent admit or deny the accuracy of quoted material from the audiotape. See e.g., Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D.N.Y. 2000).

Here, plaintiff's requests for admission are not direct, simple or limited to singular relevant facts. Plaintiff avoids requesting that the defendant specifically admit or deny quoted statements made by identified individuals on the audio recording. Instead, plaintiff requests that the defendant admit or deny that a transcript represents statements made on the

5

recording, which seeks to validate the transcript. The plaintiff's requests are all styled the same, and read as follows:

> The plaintiff hereby requests that the defendants admit or specifically deny that:
>
> 8. Lines 3 through 4 of page 37 of the transcript of the July 19, 2010 meeting ("transcript") attached hereto as Exhibit A, reflect statements made by Christopher Early as contained in the audio recording contained on a compact disc which was previously marked as Ex. 80 at the deposition of Defendant Earley (the "recording") at 03:05 minutes to 03:15.

A proper request should seek an admission as to the identification of a speaker and the content of a statement made at a particular time, which would allow for the responding party to simply agree or disagree that such a statement was made. See Diederich v. Department of the Army, 132 F.R.D. 614, 619 (S.D.N.Y. 1990); United Coal Cos. V. Powell Constr. Co., 839 F.2d 958, 967-68 (3d Cir. 1988) (if request is properly drafted responding party should just have to admit, deny, state he or she does not know, or offer a succinct explanation or qualification why it is not possible to answer).

For example, the plaintiff could have properly requested (in reference to plaintiff's 8th request for admission), that the defendant admit or deny that Christopher Earley stated on July 19th, 2010, "That's the issue here with Luke. Is it doesn't give him or it doesn't give us the requirement that he's the only person . . ." Plaintiff could refer defendants to the audio recording marked as Ex. 80 at the deposition of defendant Early at 3:05 minutes through 3:15 minutes, but the relevant fact at issue is whether the specified statement was or was not made.

6

Therefore, the Court will allow the plaintiff fourteen (14) days to serve proper requests for admission related to relevant statements made at the July 19th, 2010 meeting.

In the event that plaintiff propounds proper requests for admission, Rule 36 (a) (4) provides detailed and clear instructions on the substance and spirit of an answer to a request for admission. The rule states:

> "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires . . . the answer must specify the part admitted and qualify or deny the rest . . . The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

The rule requires that a responding party make 'reasonable inquiry' of 'information known or readily obtainable by him that allows him to fairly admit or deny the request. T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38, 43 (S.D.N.Y. 1997). As plaintiff suggests, this may require that "defendants mak[e] a good faith effort to listen, with headphones if necessary," to the audiotape, and inquire as to the content of statements made by its employees. [Doc. #145 at 3].

To avoid responding to a request for admission, the party to whom it is directed must raise a valid and timely objection or such objections will be waived. See Wagner v. St. Paul Fire & Marine Ins. Co., 238 F.R.D. 418, 424 (N.D. W. Va. 2006)

7

(although Rule 36 does not contain a waiver provision, "there are strong indications such a requirement should be implied"); Pleasant Hill Bank v. United States, 60 F.R.D. 1, 4 (W.D. Mo. 1973) (objection waived by answering request for admission).

Styling a response as an 'objection' is not an effective method of raising objections, and the responding party is required to specifically state the portion of the request to which it objects, and must properly and unambiguously answer any portion of the request to which it does not object. Objections may properly be based on privilege, vagueness, Fifth Amendment protection, and that the request goes beyond the scope of discovery. See United States v. 266 Tonawanda Trail, 95 F.3d 422, 428 n.10 (6th Cir. 1996) (privilege is a proper objection); Erie Ins. Property and Casualty Co. v. Johnson, 272 F.R.D. 177, 185 (S.D. W. Va. 2010) (vagueness is a proper objection); FDIC v. Logsdon, 18 F.R.D. 57, 58 (W.D. Ky. 1955) (inadequate protection from criminal prosecution is a valid objection); Fed. R. Civ. P. 36(b)(1) (scope of discovery).

**CONCLUSION**

Accordingly, plaintiff's Motion to Determine Sufficiency of defendants' Responses to Requests to Admit dated September 16, 2013 **[Doc. #121]**, is **DENIED** on the current record. Plaintiff is **GRANTED** fourteen (14) days to serve proper Requests for Admission in accordance with this ruling. Defendants' responses are due thirty (30) days thereafter.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly

erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

    SO ORDERED at Bridgeport this 5th day of August 2014.

                                                      /s/
                                     HOLLY B. FITZSIMMONS
                                     UNITED STATES MAGISTRATE JUDGE