RECEIVED
OCT 1 0 2014

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUKE WEINSTEIN | : | CIVIL ACTION NO. 3:11-CV-01906(WWE) |
|     Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT, | : | |
| AND P. CHRISTOPHER EARLEY | : | |
|     Defendants | : | OCTOBER 7, 2014 |

## DEFENDANT UNIVERSITY OF CONNECTICUT'S
## RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET
## OF REQUESTS FOR ADMISSION DATED AUGUST 8, 2014

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Defendant, University of

Connecticut ("UConn"), responds in writing to each Request for Admission and provides the

objections made and state the reasons therefore.  These Requests were made following the

August 5, 2014 Ruling of U.S. Magistrate Judge Holly B. Fitzsimmons on the Plaintiff's Motion

To Determine the Sufficiency of Responses to the Second Set of Requests for Admission and the

Defendants' Opposition thereto.

### OBJECTIONS TO REQUESTS FOR ADMISSION 1 - 20:

The Requests for Admission all reference Exhibit 80 to the August 6, 2013 deposition of

P. Christopher Earley which was a tape-recorded excerpt which was marked for identification

purposes at page 132 of the transcript. [1] To the extent the Plaintiff is referring to the document

from Mary Indomenico (who describes herself as the transcriber and is not a licensed

stenographer), it  specifically recites that **it is from a recording from a meeting held in 2013,**

**not 2010**[1]. Exhibit 80 is an unauthenticated recording, contains numerous voices, some

---

[1] None of the UConn employees recalled meeting in 2013 with Plaintiff except at depositions.

1

unintelligible comments, of unidentified males and females, and it recites that it is from a recording . Notably, Defendant Earley testified at his deposition regarding this, and that he believed this was not a recording made at one time.

The references to the transcript in the Requests are incorrect; these statements are not found at the transcript pages listed. [References to this audiotape are found in the transcript of P. Christopher Earley at pages 134, 135, 139-143, 145-155, 159-171, and 309-310 (which was previously filed under seal and provided to the Court as part of Doc. # 134, Defendants' Opposition To Plaintiff's Motion To Determine the Sufficiency).] Thus, the Defendant cannot admit or deny the portion of the Requests that reference "the transcript."

Further, Judge Fitzsimmons' August 5, 2014 Ruling provided in part,

> Here, plaintiff's requests for admission are not direct, simple or limited to singular relevant facts. Plaintiff avoids requesting that the defendant specifically admit or deny quoted statements made by identified individuals on the audio recording. Instead, plaintiff requests that the defendant admit or deny that a transcript represents statements made on the recording, which seeks to validate the transcript.

*Weinstein v. Univ. of Connecticut*, 3:11CV1906 WWE, 2014 WL 3849971 (D. Conn. Aug. 5, 2014). Yet, in the following Requests, the Plaintiff asks the Defendant to respond to lengthy statements in quotations that contain punctuation that alters the meaning. For example, the Plaintiff uses dashes and ellipses and question marks which alter the meaning of statements and are a subjective interpretation of the speaker's inflection. Thus, they are not simple statements required under Rule 36 to which the Defendant could properly respond.

## RESPONSES TO REQUESTS FOR ADMISSION 1 - 20:

Notwithstanding the objections and without waiver, the Defendants respond as follows[2]:

1.   Please admit that on July 19, 2010, Dean Christopher Earley stated: "...
     So you actually are in that role – in that position right now through that
     period The issue is whether or not you want to continue.  Now one of the
     things that's a bit – complicates this even further is you were nominated
     and contacted about sending in materials for this position.  You chose not
     to.  And that's problematic from our process perspective because now if
     we appoint you to this position, well we've done so without having followed
     the same procedure we used for all of the other directors of the positions.
     So it is – what I would say is – I'm not saying we won't do it, but it ..."

     Please refer to Exhibit 80 marked at the deposition of P. Christopher
     Earley at 4:50 minutes to 5:21 and the transcript previously provided at
     page 38, lines 6 through 15.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found

at that page.  Thus, the Defendants cannot admit or deny the portion of the Requests that

reference the transcript.  The Defendants object and cannot respond to the partial statement, "So

it is – what I would say is – I'm not saying we won't do it, but it ..." as this request for

admission is not a direct, simple or limited to singular relevant facts, but is merely a portion of a

statement.

**As to Defendant University of Connecticut:**

Notwithstanding the objections and without waiver, the Defendant responds, admitted

that Dean Earley said, "The issue is whether or not you want to continue.  Now one of the things

that's a bit - complicates this even further, you were nominated and contacted about sending

---

[2] As the Requests were addressed to all Defendants, the individual Defendant Earley, who is not an
employee of the Defendant UConn, responds separately.

materials. You chose not to. And that's problematic from a process perspective because now if

we appoint you to that position, we'll have done so without having followed the same procedure

we used for all of the other directors...." Defendant University of Connecticut is unable to admit

or deny the remaining statements or portions thereof attributed to Dean Earley because it is not

possible to answer as the recording is not understandable.

> 2.     Please admit that on July 19, 2010, Luke Weinstein stated: "You know?
> And it's – I – you know, I was hired for a position.  I do have some real
> concerns about some very, very real concerns about being captain of a
> sink – that I think under the new model will sink.  I would suspect that if it
> sinks that – if the legislature will pull the funding anyway."
> Please refer to Exhibit 80 marked at the deposition of P. Christopher
> Earley at 6:33 minutes to 7:07 and the transcript previously provided at
> page 39, lines 9 through 13.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found

at that page.  Thus, the Defendants cannot admit or deny the portion of the Requests that

reference the transcript.

**As to Defendant University of Connecticut:**

Notwithstanding the objections and without waiver, admitted that Luke Weinstein said "I was

hired for a position.  I do have some real concerns about some very, very real concerns about

being captain of a sink that I think under the new model will sink.  I would suspect that if it sinks

that the legislature will pull the funding anyway." Further admitted that during the meeting,

Weinstein refers to himself as the "captain of a ship".

> 3.     Please admit that on July 19, 2010, Dean Christopher Earley stated: "Well
> again, it's a separate issue.  You have to decide whether or not you want
> – if you were offered this opportunity, this position, given the new
> structure, you have to decide whether or not you want to take that
> obviously.  And if you – based on your comments today, it sounds like
> you're not comfortable with that."

Please refer to Exhibit 80 marked at the deposition of P. Christopher
Earley at 7:08 minutes to 7:25 and the transcript provided at page 39,
lines 14 through 18.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found

at that page.  Thus, the Defendants cannot admit or deny the portion of the Requests that

reference the transcript.

**As to Defendant University of Connecticut:**

Notwithstanding the objections and without waiver, admitted.

4.      Please admit that on July 19, 2010, Dean Christopher Earley stated:
"Well, except for the accelerator re-design is embedded within that. I think
you've got to decide, look coming into this and I had said this to you on the
phone, given your performance, I have no discomfort whatsoever with
asking you if you – or inviting you to fill this position again.  What we had
talked about was the wording – and I think I finally got the wording the
right way, is it would be a two year appointment subject to funding,
performance, and embedded within that is the idea that the in residence
contract itself is annually renewable.  And I'm very comfortable with that.  I
was comfortable with that from the outset.  And I tried to convey that to
you on the phone.  I do think you've done a very good job with this activity.
Now what you need to decide I think and I think it's only – not only for
yourself, but also for the sake of the school is if under the new format that
we're proposing you're not comfortable and you don't feel as if it is doing
justice to what you would want to do, then I think you need to decide what
you want to do with regard to that position.  I'd hate for you to take on a
role that you're not committed to, that you don't believe in.  Because I
think it won't benefit anyone and everyone will be unhappy with it.  So I
would – you know, I appreciate your candor in discussions today, but you
need to decide for yourself.  But if you find that you are willing to or are
comfortable with that new format that we propose at this school, I'm
certainly very comfortable giving your performance in the past to invite you
for this reappointment of the position."

Please refer to Exhibit 80 marked at the deposition of P. Christopher
Earley at 9:23 minutes to 11:02 and the transcript provided at pages 41-
42, lines 13 through 14.

5

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that reference the transcript.

**As to Defendant University of Connecticut:**

Subject to the foregoing objections and without waiver, as to the first sentence, admitted. As to the second and third sentences, denied because the transcription is missing words. It is admitted that Dean. Earley stated "I think that you've got to decide, look coming into this and I had said this to you on the phone, given your performance, I have no discomfort whatsoever with asking you if you - or inviting you to fill this position again. What we had talked about was under the wording – and I think I finally got the wording the right way, is it would be a two year appointment subject to funding, performance, and embedded within that is the idea that the in-residence contract itself is annually renewable. As to the fourth, fifth, sixth, seventh, eighth and ninth sentences, admitted. As to the remaining portions of the passage, denied because the transcription is missing words and contains errors. Admitted that Dean Earley stated "Because I think it won't benefit anyone and in the end everyone will be unhappy with it. So I would – you know, I appreciate your candor in the discussion today, but I think you need to decide that for yourself. But if you find that you are willing to or are comfortable with that new format that we propose at this school, I'm certainly very comfortable given your performance in the past to invite you for this reappointment of the position."

5.   Please admit that on July 19, 2010, Rachel Rubin stated:  "Is there a deadline on that?  Is there a deadline - -".

Please refer to Exhibit 80 marked at the deposition of P. Christopher Earley at 11:04 minutes to 11:06 and the transcript provided at page 42, line 15.

6

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that reference the transcript. The Defendants object and cannot respond to the second sentence, "Is there a deadline - -"as this request for admission is not a direct, simple or limited to singular relevant facts, but is merely a portion of a statement.

**As to Defendant University of Connecticut:**

Notwithstanding the objections and without waiver, admitted that Rachel Rubin asked "Is there a deadline on that?" Defendant University of Connecticut is unable to admit or deny the remaining statements or portions thereof attributed to Ms. Rubin because it is not possible to answer as the recording is not understandable, it is a partial statement, and/or multiple people are speaking at the same time.

6.   Please admit that on July 19, 2010, Dean Christopher Earley stated: "No, no, there isn't. We actually - - we were hoping to make these decisions this week, but in this instance, there's nothing firm. We were just trying to do in in an expedient fashion so that everyone knows what they're going to be doing."

Please refer to Exhibit 80 marked at the deposition of P. Christopher Earley at 11:06 minutes to 11:19 and the transcript provided at page 42, lines 16 through 19.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that reference the transcript.

7

**As to Defendant University of Connecticut:**

Notwithstanding the objections and without waiver, denied as this is an incorrect transcription or there is an error in typing. Admitted that Dean Earley stated "No, no there isn't. We actually – we were hoping to make these decisions this week, but in this instance, there's nothing firm. We were just trying to do it in an expedient fashion so that everyone knows what they're going to be doing."

7.     Please admit that on July 19, 2010, Dean Christopher Earley stated: "Anyway, I appreciate that. But what I would say to you is with regard to you're not feeling like you've had good input or explanation, you know I just have to be blunt. We've given you as much as I think we can. I know that a number of people have discussed these issues and we've had lots of emails, lots of discussion. If you're not comfortable with it and you still don't feel it's adequate, I'm afraid you'll just have live with that. Because we have done that. I do think it's really critical for you to decide how you want to go forward. And I think for the sake of the program, if you choose not to pursue this, I'd like to know as quickly as possible so that we can make arrangements otherwise for the sake of the students. So that when the students come after that end date of your contract as the director of the IA, if we need to make alternative arrangements, seek out someone else to take on that responsibility. I want to have as much time as possible to do so. So I appreciate if you could in a timely fashion let us know how you want to proceed. We made an offer – I've made an offer that I'm very comfortable having you continue in that role. If you're not, please let me know."

Please refer to Exhibit 80 marked at the deposition of P. Christopher Earley at 25.43 minutes through 26:49 and the transcript provided at pages 52-53, lines 8 through 2.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that reference the transcript. Admitted that Dean Earley said at the July 19, 2010 meeting, "I just have to be blunt. I know that a number of people have discussed these issues. If you're not comfortable, I'm afraid you'll just have to live with that."

**As to Defendant University of Connecticut:**

~~Notwithstanding the objections and without waiver, denied because of errors or incorrect~~ transcription of the first four sentences. Admitted that Dean Earley stated "Anyway, I appreciate that. But what I would say to you is with regard to you're not feeling like you've had adequate input or explanation, you know I just have to be blunt. We've given you as much as I think we can. I know that a number of people have discussed these issues and there have been lots of emails, lots of discussion." Admitted as to the remainder of the passage.

8.   Please admit that on July 19, 2010, Rachel Rubin stated: "Can I just say one thing?  It seems like Luke has made some assumptions too about the students based on the new format, how many hours, and who you can use those students and I think it would helpful to have - -"

Please refer to Exhibit 80 marked at the deposition of P. Christopher Earley at 26:52 minutes through 27:06 and the transcript provided at page 53, lines 3 through 6.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that reference the transcript. The Defendants object and cannot respond to the partial statement, "It seems like Luke has made some assumptions too about the students based on the new format, how many hours the students, and who you can use those students and I think it would helpful to have - -" as this request for admission is not a direct, simple or limited to singular relevant facts, but is merely a portion of a statement.

**As to Defendant University of Connecticut:**

Subject to the foregoing objections and without waiver, admitted that Rachel Rubin said "Can I just say one thing?  It seems like Luke has made some assumptions too about the students based on the new format...." Defendant University of Connecticut is unable to admit or deny the

9

remaining statements because it is not possible to discern what Ms. Rubin said next as the

~~recording is not understandable, it is a partial statement and/or multiple people are speaking at~~

the same time.

       9.     Please admit that on July 19, 2010, Nancy Bull stated: "Well there are greater conversations also going on around the fellowship and the definition – -"

            Please refer to Exhibit 80 marked at the deposition of P. Christopher Earley at 27:07 minutes through 27:13 and the transcript provided at page 53, lines 7 through 8.

**RESPONSE:**

      The references to the transcript in the Requests are incorrect; this statement is not found

at that page.  Thus, the Defendants cannot admit or deny the portion of the Requests that

reference the transcript. The Defendants object and cannot respond to the partial statement, "

Well there are greater conversations also going on around the fellowship and the

definition – -" as this request for admission is not a direct, simple or limited to singular relevant

facts, but is merely a portion of a statement.

      **As to Defendant University of Connecticut:**

      Subject to the foregoing objections and without waiver, admitted that Nancy Bull began a

sentence with "Well, there are greater conversations also going on around this fellowship...."

Defendant University of Connecticut is unable to admit or deny the remaining statements

because it is not possible to discern what Ms. Bull said next as the recording is not

understandable, it is a partial statement, and/or multiple people are speaking at the same time.

       10.    Please admit that on July 19, 2010, Rachel Rubin stated: "Right. And I think that those things need to be flushed out a little bit so – -"

            Please refer to Exhibit 80 marked at the deposition of P. Christopher Earley at 27:13 minutes through 27:16 and the transcript provided at page 53, lines 9 through 10.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that reference the transcript. The Defendants object and cannot respond to the partial statement, "Right. And I think that those things need to be flushed out a little bit so - -"as this request for admission is not a direct, simple or limited to singular relevant facts, but is merely a portion of a statement.

**As to Defendant University of Connecticut:**

Subject to the foregoing objections and without waiver, denied because of an error in the transcription. Admitted that Rachel Rubin stated: "Right. And I think that those things need to be fleshed out a little bit." Defendant University of Connecticut is unable to admit or deny the remaining statements because it is not possible to discern what Ms. Rubin said next as the recording is not understandable, it is a partial statement, and/or multiple people are speaking at the same time.

11.    Please admit that on July 19, 2010, Luke Weinstein stated: "So I can make an – I can't make an informed decision right now."

Please refer to Exhibit 80 marked at the deposition of P. Christopher Earley at 27:16 minutes through 27:19 and the transcript provided at page 53, lines 11 through 12.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that reference the transcript.

**As to Defendant University of Connecticut:**

~~Subject to the foregoing objections and without waiver, admitted.~~

12. Please admit that on July 19, 2010, Rachel Rubin stated: "He's deciding, he said – well that means some have to work six hours, some have to work twelve hours - - "

Please refer to Exhibit 80 marked at the deposition of P. Christopher Earley at 27:19 minutes through 27:24 and the transcript provided at page 53, lines 13 through 14.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that reference the transcript. The Defendants object and cannot respond to the partial statement, "He's deciding, he said – well that means some have to work six hours, some have to work twelve hours - -"as this request for admission is not a direct, simple or limited to singular relevant facts, but is merely a portion of a statement.

**As to Defendant University of Connecticut:**

Defendant University of Connecticut objects because the time references cited in the request indicate that this passage immediately follows the passage excerpted in Request No. 11, and Ms. Rubin is heard on the recoding speaking in the period between the two passages which is not reflected in either excerpt. Subject to the foregoing objections, Defendant University of Connecticut is unable to admit or deny the statements as it is unable to answer because the recording is not understandable and portions of Ms. Rubin's statement cannot be discerned.

13. Please admit that on July 19, 2010, Dean Christopher Earley stated: "Our Assistant Dean of Graduate - - "

Please refer to Exhibit 80 marked at the deposition of P. Christopher Earley at 27:34 minutes and the transcript provided at page 53, line 19.

**RESPONSE:**

~~The references to the transcript in the Requests are incorrect; this statement is not found~~ at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that reference the transcript. The Defendants object and cannot respond to the partial statement, "Our Assistant Dean of Graduate - - " as this request for admission is not a direct, simple or limited to singular relevant facts, but is merely a portion of a statement.

**As to Defendant University of Connecticut:**

Subject to the foregoing objections and without waiver, denied because of an error in the transcription. Admitted that Dean Earley began a sentence with "Our Associate Dean of Graduate…."

14.   Please admit that on July 19, 2010, Rachel Rubin stated: "Cause I think that's important."

Please refer to Exhibit 80 marked at the deposition of P. Christopher Earley at 27:34 minutes and the transcript provided at page 53, line 20.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that reference the transcript.

**As to Defendant University of Connecticut:**

Defendant University of Connecticut objects because the excerpted statement is taken out of context, and Ms. Rubin's preceding statements are omitted from the excerpt. Subject to the foregoing objections and without waiver, admitted.

15.   Please admit that on July 19, 2010, Dean Christopher Earley stated: "Our Assistant Dean of Graduate Students actually has sent that out to - - "

> Please refer to Exhibit 80 marked at the deposition of P. Christopher
> Earley at 27:35 minutes through 27:38 and the transcript provided at page
> 53, lines 21 through 22.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found

at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that

reference the transcript. The Defendants object and cannot respond to the partial statement, **"Our**

**Assistant Dean of Graduate Students actually has sent that out to - - "** as this request for

admission is not a direct, simple or limited to singular relevant facts, but is merely a portion of a

statement.

**As to Defendant University of Connecticut:**

Subject to the foregoing objections and without waiver, denied because of an error in the

transcription. Admitted that Dean Earley began a sentence with "Our Associate Dean of

Graduate Studies actually has sent that out...."

> 16.   Please admit that on July 19, 2010, Rachel Rubin stated: "Okay.  So have
> you seen that?"
>
> Please refer to Exhibit 80 marked at the deposition of P. Christopher
> Earley at 27:38 minutes through 27:39 and the transcript provided at page
> 54, line 1.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found

at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that

reference the transcript.

**As to Defendant University of Connecticut:**

Defendant University of Connecticut objects because the excerpted statement is taken out

of context. Defendant also objects because the time references cited in the requests indicate that

14

the statements in Requests Nos. 13-16 are consecutive and there are portions of the recording which are omitted from these requests and/or are not understandable on the recording. Subject to the foregoing objections and without waiver, admitted that those statements are made.

17.   Please admit that on July 19, 2010, Dean Christopher Earley stated: "And the guideline is an average of 30 hours a week."

Please refer to Exhibit 80 marked at the deposition of P. Christopher Earley at 27:40 minutes through 27:42 and the transcript provided at page 54, line 2.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that reference the transcript.

**As to Defendant University of Connecticut:**

Subject to the foregoing objections, admitted.

18.   Please admit that on July 19, 2010, Luke Weinstein stated: "Except I - - also following that I sent out an email saying can I say the following that you have to be here from these hours to these hours. And I got back a "yes" that you can do that. And then Mike Vertefeville's guidelines of this week say specifically faculty may not specify hours."

Please refer to Exhibit 80 marked at the deposition of P. Christopher Earley at 27:43 minutes through 28:10 and the transcript provided at page 54, lines 3 through 7.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found at that page. Thus, the Defendants cannot admit or deny the portion of the Requests that reference the transcript.

**As to Defendant University of Connecticut:**

~~Subject to the foregoing objections and without waiver, and noting the misspelling of Mr.~~

Vertefeuille's name, admitted.

19.    Please admit that on July 19, 2010, Dean Christopher Earley stated: "If
       you want to so some follow up on this, you can do so.  But I recommend
       you talk to George and you can work through the final details."

       Please refer to Exhibit 80 marked at the deposition of P. Christopher
       Earley at 28:11 minutes through 28:20 and the transcript provided at page
       54, lines 8 through 10.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found

at that page.  Thus, the Defendants cannot admit or deny the portion of the Requests that

reference the transcript.

**As to Defendant University of Connecticut:**

Subject to the foregoing objections, Defendant University of Connecticut cannot admit or

deny the statements as it is not possible to answer because the recording is not understandable

and the complete statements cannot be clearly heard.

20.    Please admit that on July 19, 2010, Luke Weinstein stated:  "Then I will
       talk with George and - - you know? I would like some - -"

       Please refer to Exhibit 80 marked at the deposition of P. Christopher
       Earley at 28:33 minutes through 28:38 and the transcript provided at page
       54, lines 12 through 13.

**RESPONSE:**

The references to the transcript in the Requests are incorrect; this statement is not found

at that page.  Thus, the Defendants cannot admit or deny the portion of the Requests that

reference the transcript.  The Defendants object and cannot respond to the partial statement, "I

would like some - -" as this request for admission is not a direct, simple or limited to singular

relevant facts, but is merely a portion of a statement.

**As to Defendant University of Connecticut:**

Subject to the foregoing objections and without waiver, admitted.

DEFENDANT,
UNIVERSITY OF CONNECTICUT

GEORGE JEPSEN
ATTORNEY GENERAL

By:      *Nancy A. Brouillet*
Nancy A. Brouillet (# ct03138)
Peter M. Haberlandt (# ct27036)
Assistant Attorney General
Employment Rights Department
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel.: 860-808-5340
Fax: 860-808-5383
E-mail: nancy.brouillet@ct.gov
          peter.haberlandt@ct.gov

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendant University of Connecticut's

Response to Plaintiff's Third Request to Admit Directed to the Defendants dated August 8, 2014

was mailed, first class, postage prepaid on this 7th day of October, 2014 to:

Jacques Parenteau, Esq.
Magdalena B. Wiktor, Esq.
Madsen, Prestley & Parenteau, LLC
105 Huntington Street, P.O. Box 1631
New London, CT 06320

*Nancy A. Brouillet*
Nancy A. Brouillet
Assistant Attorney General

17